UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILMER ALEX PALMA, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                 **NO. 15-3025**

**TORMUS INC., ET AL.**                                    **SECTION "B"(2)**

ORDER AND REASONS

I.  NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Defendants', Tormus Inc. d/b/a Orleans Furniture & More ("Tormus"), Jihad Isaid ("Isaid"), and Iseed Iseed ("Iseed"), "Rule 12(b)(6) Motion to Dismiss." (Rec. Doc. 12). Also before the Court is Plaintiffs', Wilmer Alex Palma ("Palma") and Jacob Lovo ("Lovo"), on behalf of themselves and other persons similarly situated, responsive pleadings thereto. (Rec. Doc. 14). Defendants seek dismissal of Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Specifically, Defendants seek involuntary dismissal of Plaintiffs' Complaint with prejudice, or, in the alternative, involuntary dismissal of Plaintiffs' Complaint against Defendants Iseed and Isaid with prejudice, and either amendment of the complaint to reflect individual actions or restriction of the collective opt-in feature to employees that were hired by Defendant Tormus after April 1, 2015. As will be set forth below, **IT IS ORDERED** that Defendants' Motion is **DENIED**.

**II. FACTS AND PROCEDURAL HISTORY**

Plaintiffs allege that they were both hired by Defendant Tormus in 2015 as "employees" as that term is defined in the FLSA, 29 U.S.C. § 203(e), to perform general manual labor by moving furniture and helping with furniture deliveries. (Rec. Doc. 1 at 2-3). Plaintiffs allege that Palma was employed from approximately April of 2015 to July 24, 2015 and Lovo from approximately May 17, 2015 to June 25, 2015. (Rec. Doc. 1 at 2-3). Plaintiffs allege that Defendant Tormus, in its business of selling furniture and other household goods, was an "employer" and an "enterprise" within the meaning of the FLSA, 29 U.S.C. §§ 203(d), (r)(1), and is "engaged in commerce," or, in the production of goods for commerce under the FLSA, 29 U.S.C. § 203(s)(1). (Rec. Doc. 1 at 3). Plaintiffs allege that they collected pay from Defendant Tormus but that Defendants Isaid and Iseed, as members and managers, were responsible for hiring, firing, rates of pay, and supervision of employees so as to be "employers" within the meaning of the FLSA, 29 U.S.C. §§ 203(d). (Rec. Doc. 1 at 3-4).

Plaintiffs allege that Defendants paid them $10.00 per hour by cash, and that they were not paid one-and-half times this hourly rate despite often working more than forty hours a week. (Rec. Doc. 1 at 6). Plaintiffs maintain that Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. (Rec. Doc. 1 at 4). Further, Plaintiffs aver

2

that Defendants have treated other similarly situated employees as exempt from the FLSA's overtime requirements during the last three years. (Rec. Doc. 1 at 5). Accordingly, Plaintiffs filed this action on July 28, 2015, seeking to recover unpaid overtime wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated employees who worked for Defendants during the past three years. (Rec. Doc. 1 at 2). Jurisdiction is proper in accordance with 28 U.S.C. §§ 1331.

**III. CONTENTIONS OF MOVANT**

Defendants contend that Plaintiffs have failed to provide evidence of a "factual nexus" between the manner in which Defendants' alleged policy affected the Plaintiffs and the manner in which it affected the other employees, so that a collective action has not been properly asserted. Defendants also argue that Plaintiffs have not provided factual support so as to show that Defendants Iseed and Isaid are employers under the FLSA. Additionally, Defendants state that Plaintiffs' allegations that Defendant Tormus failed to pay overtime as required by the FLSA are without factual support and therefore conclusory.

**IV. CONTENTIONS OF OPPONENT**

Plaintiffs argue that their Complaint meets each of the four requirements for alleging a claim for unpaid overtime wages under the FLSA. Additionally, Plaintiffs assert that Defendants' attempt

to have the collective action dismissed is premature, as certification has not yet occurred.

## V. MOTION TO DISMISS STANDARD

A motion to dismiss allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions,

4

are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the movant pleads factual content that allows the court to draw the reasonable inference that the nonmovant is liable for the misconduct alleged. *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## VI. DISCUSSION

In order to bring a claim for unpaid overtime compensation under the FLSA, an employee must show "by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citations omitted). Defendants "globally assert the defense that [P]laintiffs failed to state a claim upon which relief can be granted as a collective action complaint under 29 USC § 207,

generally, and 29 USC § 211(b) [sic], specifically." (Rec. Doc. 12 at 2; Rec. Doc. 12-2 at 1).[1] Defendants argue that Plaintiffs have failed to sufficiently state a claim for relief under the FLSA for three main reasons, all of which are argued in an exceedingly conclusory manner.[2] Though Plaintiffs comprehensively set out exactly how their Complaint adheres to all four required elements, this opinion need only address those that are referenced by Defendants.

### A.  Assessing the Appropriateness of a Collective Action is Premature.

The FLSA allows one or more employees to pursue a collective action, so as to file suit in a representative capacity for other employees that are similarly situated; however, the FLSA does not define what constitutes "similarly situated" employees. *Lang v. DirecTV, Inc.*, 735 F. Supp. 2d 421, 434 (E.D. La. 2010) (citations omitted). Additionally, the Fifth Circuit "has never set a legal standard for collective-action certification." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) (citations omitted). To the contrary, the Fifth Circuit has "declined to choose between two standards, one involving a multi-factor

---

[1] As Plaintiffs' claim is based on 29 U.S.C. § 216(b), the Court will assume that Defendants' repeated reference to "211(b)" is a typographical error.
[2] Defendants' Memorandum in Support of Defendants' Motion to Dismiss is not even three pages in length, and none of Defendants' conclusory allegations are supported by even the most threadbare explanation or reference to the Complaint. This Court advises Defendants that unsupported motions filed purely for the purpose of extending the time to answer are frowned upon by the Court as a waste of both the Court's and opposing counsel's resources.

'similarly situated' test, and the other akin to the standard for Rule 23 class actions." *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 n.7 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

Under both standards, determination of whether a collective action is appropriate does not take place until Plaintiffs move for certification. *See Lang*, 735 F. Supp. 2d at 435 (stating that it is premature to consider whether a collective action was appropriate under the "similarly situated" test when Plaintiffs had not moved for conditional certification); Fed. R. Civ. P. 23(c) (detailing the certification process for a class action under Rule 23). In this case, Plaintiffs have not yet moved for certification. Accordingly, it is premature to consider whether a collective action is appropriate.

    **B.  Plaintiffs have Adequately Provided Facts to Indicate that Defendants Iseed and Isaid are Employers under the FLSA.**

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010) (citing 29 U.S.C. § 203(d), (e)). Courts have utilized the "economic reality test" to determine who is an employer under the FLSA. *Id.* There are four factors under the economic reality test, none of which are dispositive. *Id.* These include "whether the putative employer: (1) possessed the power to hire and fire the

7

employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).

Here, Plaintiffs state that Defendants Isaid and Iseed are "responsible for the hiring, firing, rates of pay, and supervision of employees of Defendant [Tormus]." (Rec. Doc. 1 at 4). Defendants' exceptionally concise motion fails to highlight how Plaintiffs' allegations do not meet the threshold for indicating that Defendants Isaid and Iseed are employers under the FLSA. In the absence of some persuasive authority to the contrary, this Court holds that Plaintiffs have sufficiently met this burden.

### C. Plaintiffs have Adequately Provided Facts to Indicate that Tormus Failed to Pay Overtime under the FLSA.

Under the FLSA, employers shall not employ "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Though Defendants assert that Plaintiff has not provided factual support for the allegation that Tormus did not pay overtime as required by the FLSA, Plaintiffs need only show that Defendants violated the overtime wage requirements of the FLSA. *See Johnson*, 758 F.3d at 630. By alleging the amount that Defendants paid Plaintiffs, the time

period during which Plaintiffs worked, and that Plaintiffs worked in excess of forty (40) hours and were never paid one-and-half times their hourly rate, Plaintiffs have met this burden. Defendants cite no law to support their position that Plaintiffs' Complaint is insufficient.

**VII. CONCLUSION**

As set forth above, Defendants' fleeting motion fails to provide any reason why Plaintiffs' claims under the FLSA should not be allowed to proceed. Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 23rd day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE