UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**WILMER ALEX PALMA, ET AL.**                       **CIVIL ACTION**

**VERSUS**                                          **NO. 15-3025**

**TORMUS INC., ET AL.**                             **SECTION "B"(2)**

                           <u>ORDER AND REASONS</u>

   Before the Court is Plaintiffs', Wilmer Alex Palma and Jacob Lovo, "Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-in Plaintiffs" (Rec. Doc. 19). Plaintiffs seek the Court's approval of their cause being maintained as a Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b) as well as approval of their proposed notice. Plaintiffs further request that this Court allow Plaintiffs' counsel to send this court-approved notice to potential opt-in plaintiffs, permit those plaintiffs to have six (6) months within which to respond, and direct the Defendants to provide the Plaintiffs with the names and last known addresses of the potential class members.

   Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed **and** served no later than eight (8) days before the noticed submission date. The instant motion was noticed for submission on **<u>February 24, 2016</u>**. (Rec. Doc. 29-4). No party has filed a motion to continue the noticed submission date or filed a motion for

extension of time within which to oppose the motion. Accordingly, the motion is deemed to be unopposed. It further appearing to the Court that the motion has merit, with one minor exception, **IT IS ORDERED** that Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**, as set forth more fully below.

To the extent Plaintiffs request the Court's conditional certification of the proposed class as defined in Plaintiffs' Motion, as well as a directive to Defendants to provide the Plaintiffs with the names and last known addresses of the potential class members, **IT IS ORDERED** that Plaintiffs' Motion is **GRANTED**. Defendants must comply within **fourteen (14) days** of the filing of this Order.

The Court cannot, however, accommodate Plaintiffs' request for an opt-in period of six (6) months. Plaintiffs provide no legal support for such an extensive period and merely state that "[u]ndersigned counsel has experience noticing non-English speaking laborers in FLSA cases, and oftentimes the addresses provided by Defendants are outdated and/or inaccurate." (Rec. Doc. 19-1 at 21). Quite ironically, in Plaintiffs' argument that their proposed notice is appropriate, Plaintiffs cite four other FLSA collective action cases being pursued by their counsel within the Eastern District of Louisiana, all of which involve potential class members which are Spanish-speaking, as is the case here. In each of these cases, the respective notice provides only a sixty (60)

day opt-in period. *See Rios v. Classic Southern Home Construction, Inc.*, No. CV-15-4104 (E.D. La. filed Sep. 3, 2015); *Banegas v. Calmar Corp.*, No. CV-15-593 (E.D. La. filed Feb. 25, 2015); *Calix v. Ashton Marine LLC*, No. CV-14-2430 (E.D. La. filed Oct. 23, 2014); *Martinez v. Southern Solutions Land Management LLC*, No. CV-14-2366 (E.D. La. July 31, 2015). Plaintiffs do not distinguish this case or mention unique circumstances so as to justify tripling the opt-in period, but instead rely on an unsupported overgeneralization.

Further, this Court has been unable to locate any authority so as to justify such an extensive opt-in period which has the potential to delay resolution of this case.[1] Although "[l]onger opt-in periods have been granted in cases where potential plaintiffs are hard to contact due to their migration or dispersal[,]"[2] the Court has located scant case law permitting an opt-in period exceeding 120 days (and 120 days is seemingly uncommon). *See, e.g.*, Order, *Calix*, No. CV-14-2430, (Rec. Doc. 31-1 at 1-2) (allowing a sixty (60) day opt-in period because "potential plaintiffs may be difficult to contact due to the fact that many are migratory workers"); *Fernandes da Silva v. M2/Royal*

---

[1] A six month opt-in period would extend almost to the date of the pre-trial conference, currently scheduled for September 8, 2016 (Rec. Doc. 18), and would therefore have the potential to hinder parties' efforts at settlement.
[2] *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 804 (E.D. La. 2007) (denying plaintiffs' request for a one year opt-in period and instead allowing the plaintiffs ninety (90) days to locate potential opt-in plaintiffs who have migrated to other areas so as to not overly burden defendants).

*Const. of Louisiana, LLC*, No. CV-08-4021, 2009 WL 3565949, *6 (E.D. La. Oct. 29, 2009) (granting ninety (90) day opt-in period in case where potential opt-in plaintiffs were Spanish-speaking); *Camp v. Progressive Corp.*, No. CV-01-2680, 2002 WL 31496661, *7 (E.D. La. Nov. 8, 2002) (allowing an opt-in period of 120 days in light of the upcoming holiday season in a case in which approximately 1,400 individuals eventually opted-in). *But see Roebuck v. Hudson Valley Farms*, 239 F.Supp.2d 234, 240–42 (N.D.N.Y. 2002) (allowing for an opt-in period of nine months largely due to fact that potential plaintiffs had or were likely to have migrated to other places within North America and other continents). In the absence of legal authority or more persuasive facts, an opt-in period of six (6) months is inappropriate.

However, in light of the aforementioned reasons provided by Plaintiffs, as well as Defendants' failure to oppose Plaintiffs' Motion, this Court finds that an opt-in period of ninety (90) days is warranted. Accordingly, to the extent Plaintiffs request an opt-in period of six (6) months and approval of a notice reflecting the same, **IT IS ORDERED** that Plaintiffs' Motion is **DENIED in part**; potential class members will have **ninety (90) days** from the date on which Defendants provide the Plaintiffs with their names and last known addresses and Plaintiffs' notice must be amended to reflect as much. To the extent that Plaintiffs request approval of the proposed notice and Plaintiffs' mailing of that notice, **IT IS**

4

**ORDERED** that Plaintiffs' Motion is **GRANTED in part**, subject to the above caveat concerning the relevant opt-in period.

A motion for reconsideration of this Order on behalf of the Defendants based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within **thirty (30) days** of this Order. The motion must be accompanied by opposition memoranda to the original motion.

Because such a motion would not have been necessary had timely opposition memoranda been filed by Defendants, the costs incurred in connection with the motion, including attorney's fees, will be assessed against the Defendants. *See* Fed. R. Civ. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by Plaintiffs desiring to be awarded costs and attorney's fees no later than **eight (8) days** prior to the noticed submission date of the motion for reconsideration.

New Orleans, Louisiana, this 29th day of February, 2016.

UNITED STATES DISTRICT JUDGE